IN THE OREGON TAX COURT
REGULAR DIVISION
Property Tax

| | | |
|---|---|---|
| DAVID JOHN MEDNANSKY, | ) | |
| | ) | |
| Plaintiff, | ) | **TC 5465** |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | **ORDER DENYING PLAINTIFF'S** |
| and | ) | **MOTION FOR RECONSIDERATION OF** |
| | ) | **ORDER DENYING PLAINTIFF'S** |
| CURRY COUNTY ASSESSOR, | ) | **MOTION FOR REMOTE APPEARANCE** |
| | ) | **VIA WEBEX FOR FEBRUARY 4, 2026** |
| Defendant-Intervenor. | ) | **TRIAL** |

This matter is before the court on Plaintiff's Motion for Reconsideration of Denial for Remote Appearance via Webex for February 4, 2026, Trial, and the objection filed on January 14, 2026, by Defendant-Intervenor (the County). Defendant Department of Revenue did not file a separate objection. The order at issue is the court's January 7, 2026, order denying Plaintiff's request to testify by remote means at trial set for February 4, 2026.

Plaintiff's motion for reconsideration addresses one issue first raised in Plaintiff's January 5, 2026, motion (financial hardship due to travel costs), and adds a new issue (his assertion that he does not intend to testify and that he sees no need to take testimony of the County's witnesses). The court denies Plaintiff's motion for reconsideration without prejudice to his right to file a supplemental motion addressing either or both of the two issues in the manner described below.

As to financial hardship, Plaintiff's declarations and exhibits paint an incomplete picture of Plaintiff's financial ability to attend trial and do not therefore allow the court to find good cause to grant Plaintiff's motion. However, the court will grant the Plaintiff until January 23, 2026, to file a supplemental motion for reconsideration containing specific data requested below. If Plaintiff does so, the court will review Plaintiff's information, along with any objection raised by the County or Defendant on or before January 27, 2026, and make a determination based on all the facts.

As to Plaintiff's statements that he does not intend to give or present testimony of any witness, including himself, and that he sees no need to cross-examine witnesses, the court will allow Plaintiff to appear by remote means if, on or before January 23, 2026, he files a supplemental motion for reconsideration and attaches a declaration waiving his rights as set forth below.

## I. ANALYSIS

A. *Financial Inability to Attend Trial*

Plaintiff previously stated that he would need to incur mileage and lodging costs to make the 250-mile drive each way to trial, but that he cannot afford to do so because his "monthly income is from Social Security and is significantly below the poverty level." (Mot Remote Appearance at 1.) On reconsideration, Plaintiff adds evidence of dental expenses totaling $5,435.95 that he incurred after the court set trial in person.[1] (*See* Ptf's Mot Reconsider, Ex 2 (Sept 8, 2025, receipt for dental charges totaling $2,200); *id*. Ex 3 (Sept 16, 2025, receipt for dental charges totaling $3,807.00, less adjustment of $571.05, with $3,235.95 paid in cash.).)

---

[1] The County asserts that these receipts "total[] less than $3,500." (Def-Inv's Obj Ptf's Mot Reconsider Denial Remote Appearance at 2.) The court does not understand the basis of the County's computation.

Plaintiff declares that these expenses consumed all his savings and materially reduced his ability to afford to travel to Salem for trial, compared to May 2, 2025, when the court set trial to be held in person.

The County objects that Plaintiff's proffered evidence of financial hardship fails to show good cause, arguing: "Although Plaintiff attaches three documents reflecting medical costs for dental procedures totaling less than $3,500--which reflect that they were paid in full in cash--he provides no evidence of income, monthly expenses, or current assets to support the claim that these payments rendered in-person attendance financially impossible." (Def-Inv's Obj Ptf's Mot Reconsider Denial Remote Appearance at 2.)

The court agrees that Plaintiff has not attempted to substantiate his entire household financial situation, including assets and liabilities, sources of cash that do not constitute income, and limited documentation. The court is unpersuaded by the evidence submitted by Plaintiff to date and will therefore decline to allow him to testify by remote means. However, this order will allow Plaintiff to submit additional substantiating evidence using the court's existing form for income tax cases involving "substantial hardship" as directed below. If Plaintiff chooses to submit additional evidence, the court's inquiry will consider the information provided, along with any objections from Defendant or the County.

B. *Potential Waiver of Rights To Testify and Cross-Examine*

Plaintiff's Motion for Reconsideration also includes additional declarations about his planned course of conduct at trial that go to the basis of the court's decision under Tax Court Rule (TCR) 59 and ORS 45.400.[2] Plaintiff states that he "did not intend to present evidence into

---

[2] Unless otherwise noted, the court's references to the Tax Court Rules (TCR) and the Oregon Revised Statutes (ORS) are to the 2026 editions.

this case based on his testimony," that "there is no need to bring witnesses to present his case," and that he "sees no reason to question any witness the Defendant may bring." (Ptf's Mot Reconsider at 1.) Plaintiff's position that he "sees no reason" to question any witness of the County appears to be based on a belief that his theory of the case entitles him to win without regard to the appraisal evidence that the County has exchanged under the court's rules.

Plaintiff appears to offer to waive his rights to (1) present testimony (his own, or of other witnesses) in his case in chief and on rebuttal (except perhaps for the purpose of authenticating his exhibits), and to (2) cross-examine any witnesses of the County or Defendant. As the County implies in its objection, a knowing waiver on those terms would alleviate the need of the County or Defendant to observe Plaintiff in person to assess his credibility. (Def-Inv's Objection at 3 ("the County would accept and stipulate to Plaintiff's waiver of his right to introduce or offer testimonial evidence").[3] Such a waiver also would eliminate the need for Plaintiff to observe the County's or Defendant's witnesses in person when they testify on the County's behalf.

The court is willing to approve Plaintiff's request if the court receives a knowing waiver from Plaintiff along the lines stated above. Plaintiff previously has been informed by the court that the same procedural rules, including the rules of evidence, apply to him that would apply to a party represented by counsel. He has been informed by the court of his burden of proof in his property valuation case. (*See generally* Order Granting Def-Inv's Mot Part Summ J and Granting Ptf's Mot Leave File 3rd Amend Compl at 5.) He has vigorously asserted his positions and filed many motions on procedural and substantive aspects of his case. The court finds that Plaintiff is capable of knowingly waiving the rights described above.

---

[3] The inability to observe Plaintiff in person to assess his credibility during testimony was the only specific ground given by either Defendant-Intervenor or Defendant in response to Plaintiff's motion for remote testimony. (*See* Order Denying Remote Appearance at 8 n 7.)

However, the court proceeds with caution, and will not treat Plaintiff's declarations in his Motion for Reconsideration as a waiver, for the following reasons:

- The rights to present testimony and to cross-examine are fundamental to a fair trial. *See Mughal v. Dept. of Rev.,* ___ OTR ___ (Sept 27, 2024)(slip op at 29).

- The consequences of a waiver are not readily undone, particularly in this case given the distances involved.

- The court believes that, if Plaintiff does intend to cross-examine County's witnesses, then absent good cause based on financial hardship an orderly and fair proceeding requires proceedings in person so that the parties and the court can more readily avoid and correct potential misunderstandings.

- Plaintiff's statements fall short of a knowing waiver. Plaintiff's statement that he "sees no reason" to cross-examine witnesses of the County is ambiguous because it implies that he might perceive a reason to do so after hearing what they have to say.

On reconsideration, the court will decline to allow Plaintiff to appear by remote means based on the record to date, but the court will allow him to appear by remote means if he files a waiver as provided below.

## II. CONCLUSION

For the reasons stated above, the court will deny Plaintiff's request on reconsideration for appearance by remote means. However, the court's denial is without prejudice to the following extent. Plaintiff may seek further reconsideration on an expedited basis by submitting a Supplemental Motion for Reconsideration that attaches either, or both, of the following:

(1)     A declaration, signed under penalty of perjury, that
(a) attaches the court's form of Affidavit Alleging Undue Hardship, pages 2 through 4 only, available at https://www.courts.oregon.gov/forms/Documents/TAX-MotionForStay.pdf, completed but without notarization;
(b) includes an estimate of Plaintiff's travel costs for trial;
(c) attaches copies of Plaintiff's six most recent monthly statements for each financial institution listed on page 3 of the court's form, and
(d) attaches copies of Plaintiff's federal and state income tax returns for tax year 2024, or the most recent prior year, if Plaintiff has not filed a return for tax year 2024;

Or:

(2)     A declaration, signed under penalty of perjury, waiving his rights to (1) present testimony (his own, or of other witnesses) in his case in chief and on rebuttal (except for the purpose of authenticating his exhibits), and to (2) cross-examine any witnesses of the County or Defendant.

If Plaintiff intends to seek further reconsideration as outlined above, Plaintiff must submit either or both sets of documents described above on or before January 23, 2026. Any response from the County or Defendant is due on or before January 27, 2026. Now, therefore,

IT IS ORDERED that Plaintiff's Motion for Reconsideration of Denial for Remote Appearance via WebEx for February 4, 2026, Trial is denied.

Dated this 20th day of January, 2026.

1/20/2026 4:32:11 PM

_____

Judge Robert T. Manicke